UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY VOSS,

    Plaintiff,

vs.                                                      Case No. 13-14244

VILLAGE OF BLISSFIELD, a municipal          HON. AVERN COHN
corporation and SGT. JACOB WAGNER, in his
individual and official capacity, jointly and severally,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED**
**COMPLAINT (Doc. 11)**[1]

**I. Introduction**

This is a case under 42 U.S.C. § 1983.  Plaintiff Jeffrey Voss (Voss) is suing defendants the Village of Blissfield and Sergeant Jacob Wagner (Wagner) based on an incident when Wagner used a taser on Voss in effectuating an arrest.  The complaint asserts the following claims:

    Count I     excessive force

    Count II    municipal liability

    Count III   assault and battery

    Count IV   intentional infliction of emotional distress

Before the Court is Voss's motion for leave to file a first amended complaint to

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

add an alternative theory of liability. The complaint currently alleges that Wagner tased Voss while he was handcuffed and subdued. Voss wants to add the alternative allegation that Wagner tased him <u>before he was handcuffed</u> but while subdued. For the reasons that follow, the motion is GRANTED.

## II. Analysis

### A.

Fed. R. Civ. P. 15(a)(2) allows a party to amend its complaint after a responsive pleading has been filed, with written consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., <u>General Electric Co. v. Sargent & Lundy</u>, 916 F.2d 1119, 1130 (6th Cir. 1990), citing to <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330-32 (1971). This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits," rather than the technicalities of pleadings. <u>Marks v. Shell Oil Co.</u>, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted); <u>Tefft v. Seward</u>, 689 F.2d 637, 639 (6th Cir. 1982). See also <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). When denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." <u>Moore v. City of Paducah</u>, 790 F.2d 557, 562 (6th Cir. 1986). Delay to the other party, standing alone, is not enough to bar the amendment if the other party is not prejudiced. Id. (citation omitted). Finally, an amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. See <u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 421 (6th Cir. 2000).

2

**B.**

As noted above, Voss wants to add the allegation that Wagner tased him before he was handcuffed but while subdued. Voss says that amendment is proper because during discovery depositions, witnesses gave differing accounts of whether Voss was handcuffed at the time he was tased. Voss testified he was handcuffed and subdued. Police officers, including Wager, testified that Voss was not handcuffed and was not subdued at the time he was tased. Defendants object on the grounds that amendment would be futile because there is no evidence that Wagner tased Voss before he was handcuffed but while subdued. Defendants also argue that Wagner did not violate Voss's rights and/or is entitled to qualified immunity.

Having reviewed the matter, Voss is entitled to amend the complaint. Whether the alternative theory of liability based on the allegation that Voss was tased before he was handcuffed but while subdued will be borne out in the record is for another day. The same is true for defendants' liability and qualified immunity argument. Finally, there is no prejudice as all witnesses have been examined on the issue and either party is free ask for additional discovery if needed. The parties may also agree to extend the dates in the scheduling order.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2014

13-14244 Voss v. Village of Blissfield

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 30, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160